**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20141-18-KHV |
| CHRISTOPHER CRAIG, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on <u>Defendant Craig's Motion For James Hearing And Suggestions In Support Thereof</u> (Doc. #365) filed September 6, 2013. For reasons stated below, the Court overrules defendant's motion.

Defendant asks the Court to hold a pretrial hearing pursuant to <u>United States v. James</u>, 590 F.2d 575, 579-80 (5th Cir. 1979), to determine the admissibility of co-conspirator statements. The Tenth Circuit recommends the use of a pretrial hearing to determine that a conspiracy existed before statements of co-conspirators are admitted at trial pursuant to Fed. R. Evid. 801(d)(2)(E). The government argues, however, that the provisional admission of co-conspirators' statements in this case will be more expeditious than a pretrial hearing. <u>See</u> <u>United States v. Pinto</u>, 838 F.2d 426, 433 (10th Cir. 1988) (upholding conditional admission of statements, subject to government "connecting up" later).

Under the Federal Rules of Evidence, a conspirator's statement is not hearsay if –

The statement is offered against an opposing party and: (E) was made by the party's coconspirator during and in furtherance of the conspiracy. The statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it under (E).

Fed R. Evid. 801(d)(2). Thus, before admitting co-conspirator statements, the Court must determine by a preponderance of the evidence that (1) a conspiracy existed, (2) defendant and declarant were members of the conspiracy, and (3) declarant made the statements during the course of and in furtherance of the conspiracy. See United States v. Thornburgh, 645 F.3d 1197, 1210 (10th Cir. 2011). In making its preliminary factual determination as to whether a conspiracy exists, the Court may consider the proffered statement, along with independent evidence tending to establish the conspiracy. United States v. Lopez-Guttierrez, 83 F.3d 1235, 1242 (10th Cir. 1996) (court may consider co-conspirator statements in determining existence of conspiracy) (citing Bourjaily v. United States, 483 U.S. 171 (1987)). The government asserts that based on the extensive discovery already provided to defense counsel, it will be able to establish a conspiracy and that each of the defendants were members of the conspiracy.

The Court finds that defendant's motion for a James hearing should be overruled. The Tenth Circuit has approved forgoing a James hearing and allowing conditional admission of co-conspirator statements, subject to the government "connecting up" the statements at a later point in trial. See Pinto, 838 F.2d at 433. The government has provided substantial discovery in this case. At this point it appears that a James hearing would essentially duplicate the voluminous evidence at trial. Accordingly, such a hearing would waste judicial resources – and those of counsel – with little resulting gain. Furthermore, defendant will suffer no discernable prejudice if the evidence is conditionally admitted at trial. The Court overrules defendant's request for a pretrial hearing on the admissibility of co-conspirator statements.

Defendant also asks for disclosure of all co-conspirator statements that the government intends to offer at trial. The government does not directly respond to defendant's request, but it

notes that (1) it has provided counsel access to redacted copies of reports related to co-conspirator statements, copies of audio and video recordings of wire interceptions and investigative operations and cooperating witness statements and (2) it has not identified all cooperating witnesses and that negotiations with potential witnesses have not yet been completed. See Government's Response To Defendant's Motion For James Hearing (Doc. #389) at 8-9, 11. At this early stage some three months before trial, the Court overrules defendant's motion without prejudice.[1]

**IT IS THEREFORE ORDERED** that Defendant Craig's Motion For James Hearing And Suggestions In Support Thereof (Doc. #365) filed September 6, 2013 be and hereby is **OVERRULED**.

Dated this 15th day of November, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[1] To the extent the government has not done so already, it is expected to give counsel a proposed disclosure schedule with a reasonable balance between the safety concerns of cooperating witnesses and the need for defendants to prepare their defense.