**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 12-20141-18-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| CHRISTOPHER CRAIG, | ) | No. 17-2161-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Christopher Craig's pro se Motion To Vacate Under 28 U.S.C. § 2255 (Doc. #1009) filed March 16, 2017. On June 26, 2017, the United States filed its response to defendant's motion. Response To Motion (Doc. #1021). For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

## Factual Background

The Tenth Circuit Court of Appeals summarized defendant's relevant criminal conduct as follows:

> The overarching conspiracy in which Defendant was involved operated in the Kansas City area and lasted from January 2006 until December 2012. Two men, Gregory Moore and Daniel Bryant, headed the conspiracy with the general purpose of distributing marijuana, cocaine, and cocaine base around the Kansas City metropolitan area. Defendant and others helped allocate these substances at Moore's and Bryant's direction.
>
> After several encounters with law enforcement officers throughout the six years the conspiracy operated, defendant's most significant criminal foray came in August 2012 when he organized the attempted robbery of rival drug-dealer Brandon Campbell. He recruited two cousins, DaRyan Pryor and Arterrius Pryor, to actually commit the robbery. Defendant drove DaRyan and Arterrius to an apartment complex in south Kansas City, gave them guns and T-shirts to wear as face masks, and remained in the driver's seat of his vehicle and watched while the two men

> attempted to rob Campbell in the parking lot of the complex. In the midst of the robbery attempt, Campbell drew his gun and shot DaRyan. DaRyan later died from his wounds.

United States v. Craig, 808 F.3d 1249, 1251-52 (10th Cir. 2015). On November 20, 2013, a grand jury returned a 27-count indictment which charged defendant with conspiring to manufacture, to possess with intent to distribute, and to distribute five kilograms or more of cocaine, 280 grams or more of cocaine base and marijuana, and maintaining a drug involved premises in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 846, 856 (Count 1) and two counts of using a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(d) (Counts 15 and 16). Second Superseding Indictment (Doc #439) at 4, 8.

On February 3, 2014, the day trial was scheduled to begin, defendant pled guilty to all three counts without a written plea agreement. Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #560); Transcript Of Change Of Plea Hearing (Doc. #874) filed November 20, 2014. After his plea, defendant faced a statutory minimum of ten years and maximum of life in prison under 21 U.S.C. § 841(b)(1)(A). When calculating his offense level, the Court applied a murder cross-reference under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(d) for the death of DaRyan, a leadership role enhancement under U.S.S.G. § 3B1.1(a) and an obstruction of justice enhancement under U.S.S.G. § 3C1.2. Presentence Investigation Report ("PSIR") (Doc. #777) filed July 11, 2014, ¶¶ 73-86. The Court found that his final offense level was 43, for a guideline sentence of life in prison. Id., ¶ 128. On August 28, 2014, the Court sentenced defendant to life in prison. See Minute Entry (Doc. #804) filed August 28, 2014. Bruce R. Kips represented defendant during his plea negotiations and sentencing. Motion To Vacate (Doc. #1009) at 10.

Defendant appealed his sentence and judgment. Notice Of Appeal (Doc. #807) filed September 4, 2014. On appeal, he argued that the Court erred when it sentenced him beyond the 40-year statutory maximum for the drug quantity which the PSIR attributed to him (Ground 1); applied the murder cross-reference (Ground 2); applied the leadership enhancement (Ground 3); applied the obstruction of justice enhancement (Ground 4) and imposed a substantively unfair sentence (Ground 5). See Craig, 808 F.3d at 1254 n.5, 1255, 1259-61. Defendant withdrew Ground 1 at oral argument. Id. at 1254 n.5. The Tenth Circuit affirmed the Court's sentence and judgment. See id.

On March 16, 2017, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Motion To Vacate (Doc. #1009). Defendant asserts that the Court erred when it sentenced him beyond the statutory maximum based on facts not found by a jury (Claim 1); applied the murder cross-reference (Claim 2) and applied the leader enhancement (Claim 3). Defendant also argues that Kips provided ineffective assistance of counsel because he failed to object to the mandatory statutory sentencing range (Claim 4); failed to relay one of defendant's counter-offers to the government during plea negotiations (Claim 5); lied to defendant's family about his sentence (Claim 6) and failed to investigate defendant's competency (Claim 7).[1]

---

[1] Although defendant's motion describes Claims 1 through 3 as prosecutorial misconduct, the Court construes them as claims of judicial error because defendant asserts that the Court – not the prosecution – erred. Motion To Vacate (Doc. #1009) at 4-6. Defendant has not alleged sufficient facts to establish prosecutorial misconduct. See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (to warrant relief, misconduct must make defendant's conviction a denial of due process).

**Analysis**

The Court applies a stringent standard of review when analyzing Section 2255 petitions. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

**I.     Judicial Error**

   A.     Insufficient Findings For Statutory Sentencing Range

Defendant argues that the Court violated his Sixth Amendment rights because it sentenced him beyond the statutory maximum and based his sentence on facts a jury did not find beyond a reasonable doubt. Motion To Vacate (Doc. #1009) at 4.

Defendant raised this claim on direct appeal. See Brief of Appellant at 11-14, 2015 WL 1138181. Defendant argued that neither the factual basis of his plea nor the PSIR found that he met the drug quantity threshold – five kilograms or more of cocaine or 280 grams or more of cocaine base – for Section 841(b)(1)(A). Id. at 12. He contended that the Court therefore should have sentenced him under Section 841(b)(1)(B), which has a lower drug quantity threshold and a statutory maximum sentence of 40 years Id. Appellate counsel withdrew this claim during oral argument on appeal, and the Tenth Circuit did not rule on it. See Craig, 808 F.3d at 1254 n.5.

The government asserts that defendant's claim is barred because he already pursued this issue on appeal. Response To Motion (Doc. #1021) at 4-7. Defendant may not use Section 2255 motions to test the legality of matters which should have been raised on appeal. United States v. Bolden, 472 F.3d 750, 751-52 (10th Cir. 2006). Section 2255 precludes defendant from raising issues not addressed in his direct appeal, unless he can show (1) cause and actual prejudice resulting

from the alleged errors or that (2) a fundamental miscarriage of justice will occur if the claims are not addressed. Bousley v. United States, 523 U.S. 614, 622 (1998). To establish cause, defendant must "show some external objective factor – such as governmental interference, unavailability of the relevant factual or legal basis or ineffective assistance of counsel – prevented [him] from raising the issue on direct appeal." United States v. Torres-Laranega, 473 F. App'x 839, 842 (10th Cir. 2012). Alternatively, defendant can establish a fundamental miscarriage justice by showing actual innocence. Id. Defendant does not assert either cause and prejudice or a fundamental miscarriage of justice. Thus, defendant's claim is procedurally barred.

Even if defendant could overcome this procedural default, his claim fails on its merits because he admitted the drug quantity which formed the basis for his conviction and sentence under Section 841(b)(1)(A). At the time of his guilty plea to Count 1, the following colloquy occurred:

> THE COURT: Do you understand that by entering this plea of guilty, you're giving up your right to a trial on this charge?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And not only that, you're admitting all of the facts contained in the charge.
>
> THE DEFENDANT: Yes.

Transcript Of Change Of Plea Hearing (Doc. #874) filed November 20, 2014 at 18. Among other things, Count 1 charged that defendant was accountable for "the reasonably foreseeable conduct of other members of the conspiracy charged in Count One, [which] involved 280 grams or more of . . . cocaine base . . . in violation of Title 21, United States Code, Section 841(b)(1)(A)(iii)." Second Superseding Indictment (Doc. #429) at 3. By his own admission, defendant violated

Section 841(b)(1)(A). The Court did not need to rely on the factual basis of his plea or the PSIR's "conservative estimates" to determine defendant's drug quantity. See Petition To Enter Plea Of Guilty (Doc. #560), ex. 1; Presentence Investigation Report (Doc. #777), ¶ 65. Because defendant admitted that his drug quantity met Section 841(b)(1)(A)'s threshold, a jury did not need to find this fact beyond a reasonable doubt. United States v. Booker, 543 U.S. 220, 244 (2005) (facts supporting sentence must be admitted by defendant or proved to jury beyond reasonable doubt). The Court did not err when it imposed a life sentence, within the statutory range of Section 841(b)(1)(A).

B. Murder Cross-Reference And Leadership Enhancement (Claims 2 and 3)

Defendant argues that the Court violated his Fifth and Sixth Amendment rights when it applied the murder cross-reference and the leadership enhancement. Motion To Vacate (Doc. #1009) at 5-6. On direct appeal, defendant challenged his sentence on the same grounds. See Craig, 808 F.3d at 1254-55, 1258.

Generally, courts do not entertain Section 2255 claims that have already been rejected on direct review. See Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016). "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to [Section] 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989). Defendant does not assert a change in circuit precedent or any other grounds for disturbing the Tenth Circuit rulings on direct appeal. Accordingly, the Court denies relief on these grounds.

## II.     Ineffective Assistance Claims (Claims 4-7)

To establish ineffective assistance of counsel, defendant must show that the performance of counsel was (1) deficient and (2) caused prejudice – a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To establish deficient performance, defendant must prove that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel performed "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988). The Court may determine the second element, prejudice, before analyzing counsel's performance. United States v. Jones, 852 F.2d 1275, 1277 (10th Cir. 1988). If the Court determines that the alleged error did not prejudice defendant, it does not need to consider counsel's performance. Id.

### A.     Failure To Object To Statutory Sentencing Range (Claim 4)

Defendant asserts that Kips provided ineffective assistance because he did not argue that the Court should have sentenced him under Section 841(b)(1)(B), which provides a statutory range of five to 40 years, instead of Section 841(b)(1)(A), which provides a statutory range of ten years to life in prison. Motion To Vacate (Doc. #1009) at 12. As with Claim 1, defendant premises this claim on his contention that he did not meet the drug quantity threshold for Section 841(b)(1)(A). He argues that because neither the Court nor a jury found that his conviction involved five kilograms

or more of cocaine or 280 grams or more of cocaine base, Kips should have objected to a sentence under Section 841(b)(1)(A).

Kips did not perform deficiently by failing to object on these grounds. As noted, defendant agreed to a plea with a sentencing range of ten years to life and admitted that he violated Section 841(b)(1)(A). Transcript Of Change Of Plea Hearing (Doc. #874) at 8-9. In exchange for defendant's plea of guilty to Counts 1, 15 and 16, the government withdrew Section 851 notices which established defendant's prior drug felonies. See id. On the record, the government clarified that without the plea, his minimum sentence would be life in prison but that under the plea (and the government withdrawal of Section 851 notices), the Court could sentence defendant from ten years to life in prison. See id.; see Order (Doc. #567) filed March 3, 2014. Defendant consented to this sentencing range. Transcript Of Change Of Plea Hearing (Doc. #874) at 9. If counsel had effectively challenged the sentencing range of ten years to life, the government could have reinstated its Section 851 notices. Further, as stated above, defendant admitted the crimes charged in the indictment which included the necessary quantity of drugs to sustain a conviction under Section 841(b)(1)(A)(iii). Id. at 18; see also Second Superseding Indictment (Doc. #429) at 3. Defendant has not shown that the Court would have likely sustained an objection to the statutory range or that Kips' failure to object caused prejudice. As noted, a successful objection would have allowed the government to reinstate its Section 851 notices, so defendant cannot establish deficient performance or prejudice. The Court denies relief on this ground.

      B.      Failure To Communicate Defendant's Counter-Offer (Claim 5)

Defendant asserts that Kips provided ineffective assistance because he failed to communicate

a counter-offer to the government when negotiating a plea deal. Motion To Vacate (Doc. #1009) at 12. During plea negotiations, defendant alleges that he told Kips to offer the government a deal for 12 years, and Kips failed to relay his message to government counsel. Id.

On February 3, 2014 – the same day defendant pled guilty – Kips summarized defendant's plea negotiations on the record. Transcript Of Motions Hearing (Doc. #1021-3) at 26. Kips stated that the government initially offered a plea for 15 years, which defendant rejected because he wanted a Rule 11(c)(1)(c), Fed. R. Civ. P., plea for ten years. Id. at 27. Kips notified the government of defendant's counter-offer, and the government rejected it. Id.; see also Kips's email to government counsel (Doc. #1021-1) at 8. The government then offered a plea for ten to 20 years, which defendant rejected. Transcript Of Motions Hearing (Doc. #1021-3) at 27. Defendant countered with an offer of ten to 15 years. Id. Again, the government rejected defendant's counter-offer and asked for a plea of 15 to 25 years or, in the alternative, a Rule 11(c)(1)(c) plea for 20 years. Id. Defendant rejected the government's final offer. After Kips provided the foregoing account of plea negotiations, defendant stated that he agreed with the summary and that the plea discussions were communicated to him. Id. at 28. Further, at his plea hearing, defendant stated that he was satisfied with Kips' representation and advice. Transcript Of Change Of Plea Hearing (Doc. #874) at 6.

Defendant's current contention that Kips failed to communicate a counter-offer is inconsistent with statements he made on the record. Defendant does not support his conclusory allegations with any details, such as dates or points in negotiations when he told Kips to make the offer. Also, defendant has not established prejudice, i.e. that the government would have accepted his counter-offer. In fact, the government summarily rejected all of defendant's other counter-offers.

See Transcript Of Motions Hearing (Doc. #1021-3) at 26-28. Because defendant fails to show how his counter-offer would have materially impacted the plea negotiations or the outcome of his proceedings, he cannot prove that counsel performed deficiently or that his alleged error resulted in prejudice. Thus, the Court denies relief on this ground.

        C.      Lied To Defendant's Family (Claim 6)

Defendant argues that Kips provided ineffective assistance because he lied to his family about the sentence the Court would impose. Motion To Vacate (Doc. #1009) at 12. Defendant's conclusory allegation lacks details such as what Kips told his family and when counsel made the alleged misrepresentation. Defendant also fails to explain how he relied on Kips' statement to his family or how the alleged statement had any effect on the outcome of the proceedings. Accordingly, defendant has not shown prejudice. Strickland, 466 U.S. at 687, 694. The Court denies relief on this ground.

        D.      Failure To Investigate Defendant's Competency (Claim 7)

Defendant asserts that Kips provided ineffective assistance because he failed to investigate defendant's competency before he agreed to plead guilty. Defendant fails to supply any evidence that suggests counsel should have suspected he was incompetent. The Tenth Circuit has stated that defense counsel has a duty to investigate competency when he has "good faith doubt as to the defendant's competence." United States v. Boigegrain, 155 F.3d 1181, 1188 (10th Cir. 1998) (citations omitted). Defendant does not establish that Kips should have had any doubt concerning his competency and thus fails to demonstrate that Kips performed deficiently.

Further, defendant must establish prejudice, or "a reasonable probability that he was incompetent." Williamson v. Ward, 110 F.3d 1508, 1519 (10th Cir. 1997) (citations omitted); see also United States v. Grist, 299 F. App'x 770, 779 (10th Cir. 2008). Defendant fails to make this showing. At his plea hearing, the Court questioned defendant to determine his competency. Transcript Of Change Of Plea Hearing (Doc. #874) at 4-5. Defendant disclosed that he received medical treatment for a mental disability when he was a child but confirmed that he was competent at the time of the plea. Id. at 4. More specifically, defendant stated as follows:

> THE COURT: So do you think that you're mentally competent right now?
>
> THE DEFENDANT: I'm fine.
>
> THE COURT: And what about between January 1 of 2006 and December 4, 2012, the time of the crimes that you're pleading guilty to? Were you mentally competent then?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And is there anybody you know of that might disagree with you about that?
>
> THE DEFENDANT: No.
>
> THE COURT: And same as far as the current date. You don't know of any reason why somebody might think you're [not] mentally competent?
>
> THE DEFENDANT: No.

Id. at 4-5. Because the Court found that defendant was competent at the time of his plea and defendant does not allege sufficient facts to refute this finding, he cannot prove prejudice. Thus, the Court denies relief on this ground.

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not

---

[2] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate Under 28 U.S.C. § 2255 (Doc. #1009) filed March 16, 2017 is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 30th day of October, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge