IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 12-20141-18-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| **CHRISTOPHER CRAIG,** | ) | **No. 17-2161-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On August 28, 2014, the Court sentenced defendant to life in prison. See Minute Entry (Doc. #804). On March 16, 2017, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #1009). On October 30, 2017, the Court overruled defendant's motion. Memorandum And Order (Doc. #1039).

This matter is before the Court on defendant's pro se Motion Pursuant To Rule 60(b) Seeking To Set Aside Order Denying Habeas Relief (Doc. #1041) filed November 27, 2017 and Petitioner's Motion For Leave To Amend His Original § 2255 Petition (Doc. #1042) filed November 27, 2017. For reasons stated below, the Court overrules defendant's motions.

## Factual Background

On November 20, 2013, a grand jury returned a 27-count indictment which charged defendant with conspiring to manufacture, to possess with intent to distribute, and to distribute five kilograms or more of cocaine, 280 grams or more of cocaine base and marijuana, and maintaining a drug-involved premises in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 846,

856 (Count 1) and two counts of using a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(d) (Counts 15 and 16). Second Superseding Indictment (Doc. #439) at 4, 8. On February 3, 2014, the day trial was scheduled to begin, defendant pled guilty to all three counts without a plea agreement. Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #560); Transcript Of Change Of Plea Hearing (Doc. #874) filed November 20, 2014. After his plea, under 21 U.S.C. § 841(b)(1)(A), defendant faced a statutory minimum of ten years and maximum of life in prison. On August 28, 2014, the Court sentenced defendant to life in prison. See Minute Entry (Doc. #804).

Defendant appealed his sentence and judgment. Notice Of Appeal (Doc. #807) filed September 4, 2014. On January 13, 2016, the Tenth Circuit affirmed. See United States v. Craig, 808 F.3d 1249, 1255-63 (10th Cir. 2015).

On March 16, 2017, as noted, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Motion To Vacate (Doc. #1009). In his Section 2255 motion, among other things, defendant asserted that the Court had erred by sentencing him above the statutory sentencing range and that his counsel provided ineffective assistance because he failed to object to the statutory sentencing range. Id. at 4, 8. On June 26, 2017, the United States filed its response to defendant's motion. Response To Motion (Doc. #1021). On October 30, 2017, the Court overruled defendant's motion. Memorandum And Order (Doc. #1039).

On November 27, 2017, defendant filed his Rule 60(b) motion and his motion for leave to amend his original Section 2255 motion. See Docs. ##1041, 1042. In the Rule 60(b) motion, defendant asserts that on July 31, 2017, he sent a reply brief in support of his original Section 2255

motion to the Clerk of Court and that he received confirmation of its delivery. Doc. #1041, ¶ 3. A few weeks later, he noticed that the Clerk had not docketed his reply, so he sent another copy to the Clerk. Id., ¶ 4. On August 30, 2017, defendant received confirmation of delivery of the second copy. Id. Neither reply was docketed. Id., ¶ 5. The Clerk's Office has no record of receiving either reply brief. Moreover, defendant has not provided copies of the delivery confirmations which he allegedly received. Defendant provided additional support for an ineffective assistance claim and sought leave to amend his original Section 2255 motion in his putative reply. Doc. #1041, ¶ 3; see Petitioner's Amended § 2255 Motion/Reply to Government's Response In Opposition (Doc. #1042-1) filed November 27, 2017. Defendant now asks the Court to set aside its order overruling his Section 2255 motion because the Court's order did not consider the matters contained in the putative reply.

In addition, defendant seeks leave to amend his original Section 2255 motion to substitute three claims for the seven claims which he originally asserted. Motion For Leave To Amend (Doc. #1042) at 1. To this motion, defendant attached a proposed amended Section 2255 motion. See Petitioner's Amended § 2255 Motion/Reply To Government's Response In Opposition (Doc. #1042-1) filed November 27, 2017. The proposed motion asserts ineffective assistance because (1) counsel allowed defendant to plead guilty to a crime that was not supported by a sufficient factual basis; (2) counsel failed to object to the statutory sentencing range; and (3) before defendant agreed to the plea, counsel did not discuss a potential sentence enhancement with him. Id. at 3-11.

**Analysis**

**I.     Rule 60(b) Motion (Doc. #1041)**

The relief sought – not a motion's title – determines whether the movant has filed a true motion for relief under Rule 60(b), Fed. R. Civ. P., or an unauthorized second or successive petition under Section 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see also United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (allowing petitioner to avoid bar against successive petitions by styling petition under different name would erode procedural restraints of Sections 2244(b)(3) and 2255). The Court considers each issue raised in the motion to determine whether it represents a successive petition, a Rule 60(b) motion or a "mixed" motion. Spitznas v. Boone, 464 F.3d 1213, 1224 (10th Cir. 2006). A true Rule 60(b) motion (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceedings. Id. at 1224-25. Defendant asserts a defect in the federal habeas proceedings, i.e. that the Court did not consider his reply due to a docketing error. See Rule 60(b) Motion (Doc. #1041) at 1-2. Thus, defendant presents a true Rule 60 motion.

The Court has discretion to grant or deny a motion to vacate or set aside a judgment under Rule 60(b). See F.D.I.C. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Under Rule 60(b), the Court may relieve a party from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief

Fed. R. Civ. P. 60(b).

Because defendant does not specify the subsection under which he seeks relief, the Court analyzes defendant's motion under Rule 60(b)(6) – the "catchall provision." United States v. Luke-Sanchez, 327 F. App'x 774, 775-776 (10th Cir. 2009) (unpublished) (citation and quotation marks omitted) (analyzing inability to submit reply brief under 60(b)(6)); see Yapp, 186 F.3d at 1231 (Rule 60(b)(1) only applies to excusable litigation mistakes or judicial mistakes of law or fact). Rule 60(b)(6) embraces the broad equitable powers of district courts. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996). The Court will only grant relief in extraordinary circumstances or when it would offend justice to deny relief. Yapp, 186 F.3d at 1232. Defendant fails to satisfy these standards because even if the Court had received and considered his reply, it would have denied his habeas petition.

As stated, defendant intended that the reply serve two distinct purposes. See Petitioner's Amended § 2255 Motion/Reply To Government's Response In Opposition (Doc. #1042-1). It sought leave to amend his original 2255 petition. It also provided additional support for the

-5-

ineffective assistance claim which defendant had asserted in his original Section 2255 motion. Accordingly, when determining whether defendant is entitled to relief under Rule 60(b)(6), the Court analyzes each issue separately.

First, even if defendant's reply had been filed when defendant allegedly first sent it, the Court would have denied leave to amend defendant's Section 2255 motion as untimely. Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255. When a defendant files an appeal, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's ruling. Clay v. United States, 537 U.S. 522, 524-25 (2003). Here, the Tenth Circuit issued its mandate on January 13, 2016. See Judgment (Doc. #960). The deadline to file a petition for certiorari expired on or about March 22, 2016. Therefore, defendant had until March 22, 2017 to file his Section 2255 motion or any amendments thereto. Defendant alleges that he first attempted to file his Amended § 2255 Motion/Reply to Government's Response In Opposition on July 31, 2017 – more than four months beyond the deadline. Rule 60(b) Motion (Doc. #1041), ¶ 3.

If a proposed amendment does not seek to add a new claim or to insert a new theory into the case, the district court has discretion to relate its filing date back to when the original motion was filed. United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000). To the extent defendant's reply attempted to amend his Section 2255 motion, it would not have related back because his proposed 2255 motion purports to "start from scratch" with "three viable claims for relief." Compare Petitioner's Amended § 2255 Motion/Reply to Government's Response In Opposition (Doc. #1042-1), with Motion To Vacate (Doc. #1009). In other words, his proposed

-6-

amended motion added new claims. Because untimely amendments to Section 2255 motions undermine AEDPA's one-year limitations period, the Court would have overruled defendant's motion for leave to amend. See Espinoza-Saenz, 235 F.3d at 505.

Similarly, to the extent defendant offered his reply in support of claims in his original Section 2255 petition, it would not have changed the result of his motion. As stated, defendant's reply primarily asserts claims that differ from those in the original Section 2255 motion. Compare Petitioner's Amended § 2255 Motion/Reply to Government's Response In Opposition (Doc. #1042-1), with Motion To Vacate (Doc. #1009). As a general rule, the Court does not consider issues raised for the first time in a reply brief. Plotner v. AT&T Corp., 224 F.3d 1161, 1175 (10th Cir. 2000). Defendant's reply supports only one of the seven claims raised in his original Section 2255 motion, i.e. that counsel provided ineffective assistance by failing to object to his statutory sentencing range. See Petitioner's Amended § 2255 Motion/Reply to Government's Response In Opposition (Doc. #1042-1) at 6. Thus, the Court would have only considered defendant's reply to the extent it supported that ineffective assistance claim.

Defendant's reply does not establish ineffective assistance or demonstrate flaws in the Court's Memorandum And Order which overruled his 2255 petition. See Doc. #1039 at 7-8 (counsel not ineffective because, among other things, no prejudice; the government could have reinstated Section 851 enhancements resulting in mandatory life sentence). Thus, any docketing error which prevented the Court from considering defendant's reply did not affect the outcome of defendant's Section 2255 motion. Thus, the Court overrules defendant's motion for relief under Rule 60(b)(6).

**II.     Motion For Leave To Amend (Doc. #1042)**

Defendant asks the Court for leave to amend his Section 2255 motion to "consolidate his issues into more tenable claims." Motion For Leave To Amend (Doc. #1042) at 1. Defendant's proposed amended motion asserts three ineffective assistance claims; two of which were not in his original Section 2255 motion. See Petitioner's Amended § 2255 Motion/Reply to Government's Response In Opposition (Doc. #1042-1) at 3-12.

Because the Court declines to set aside or vacate its order overruling defendant's initial habeas motion, the Court construes the proposed amended Section 2255 motion as a second or successive Section 2255 motion. United States v. Nelson, 465 F.3d 1145, 1148-1149 (10th Cir. 2006); see also United States v. Graham, 531 F. App'x 929, 931 (10th Cir. 2013) (unpublished). As such, defendant's amended motion would violate Section 2255(f)'s prohibition of successive motions without prior authorization from the Tenth Circuit. Id. When faced with an unauthorized successive Section 2255 motion, the Court has discretion whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Because defendant's claims do not rely on new evidence or a new constitutional rule, the Court overrules the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant To Rule 60(b) Seeking To Set Aside Order Denying Habeas Relief (Doc. #1041) filed November 27, 2017 is **OVERRULED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion For Leave To Amend His Original § 2255 Petition (Doc. #1042) filed November 27, 2017, which the Court construes as a second or successive petition under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

Dated this 15th day of December, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge