# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20141-18-KHV |
| | ) | |
| CHRISTOPHER CRAIG, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On August 28, 2014, the Court sentenced defendant to life in prison. On October 30, 2017, the Court denied defendant's motion to vacate sentence under 28 U.S.C. § 2255. This matter is before the Court on defendant's pro se Motion For Sentence Reduction [Under 18 U.S.C. §] 3582 (Doc. #1119) filed January 16, 2019, which the Court construes in part as a second or successive motion under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's motion in its entirety for lack of jurisdiction.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Liberally construed, defendant's motion asserts that (1) the Court improperly enhanced his sentence for a murder, (2) he is entitled to relief under Amendment 782 to the Sentencing Guidelines, (3) he is entitled to relief under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018), and (4) the Court should reduce his sentence for post-offense rehabilitation. Motion For Sentence Reduction [Under 18 U.S.C. §] 3582 (Doc. #1119) at 3-9. Defendant's first claim for relief in substance and effect asserts federal grounds for relief based on error in his underlying sentence. Because defendant previously sought relief under Section 2255, the Court construes his claim as part of a second or

successive Section 2255 motion. See United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015) (motion which attacks judgment of conviction or sentence when prior motion already did so constitutes second or successive motion); Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006) (motions that assert defect outside context of habeas proceeding constitute second or successive petitions).

I.      **Section 2255 Motion – Claim 1**

As noted, defendant previously filed a Section 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in deciding whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claim would be time-barred if filed anew in the proper forum, whether the claim is likely to have merit and whether the claim was filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

Because it appears that defendant's claim of judicial error at sentencing does not satisfy the authorization standards under Section 2255, the Court dismisses the successive Section 2255 motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of

Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). A second or successive motion under Section 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty of the offense or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Here, defendant asserts that the Court improperly enhanced his sentence based on a murder. Defendant has not asserted "newly discovered evidence" or shown that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable. Accordingly, the Court declines to transfer the present motion to the Court of Appeals.

**II.     Relief Under Sentencing Amendment 782 – Claim 2**

Defendant seeks relief under Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1(c). Defendant is not eligible for relief because his base offense level was calculated under the murder cross-reference in Section 2D1.1(d), not under the Drug Quantity Table in Section 2D1.1(c). See Presentence Investigation Report (Doc. #777) ¶ 75-76 (under cross reference in Section 2D1.1(d), base offense level 43 for first degree murder in Section 2A1.1(a) controls).

**III.    Relief Under First Step Act Of 2018 – Claim 3**

Defendant seeks relief under the First Step Act of 2018, which retroactively applies the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372.

See First Step Act § 404(a) (First Step Act applies to sentences for violation of federal criminal statute with statutory penalties modified by Fair Sentencing Act that was committed before August 3, 2010). Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base needed to trigger certain statutory minimum and maximum sentences. See 21 U.S.C. § 841(b)(1)(A)(iii) (raising from 50 to 280 grams the amount of cocaine base needed to trigger statutory range of 10 years to life in prison); 21 U.S.C. § 841(b)(1)(B)(iii) (raising from 5 to 28 grams the amount of cocaine base needed to trigger statutory range of 5 to 40 years in prison). Under the First Step Act of 2018, the Court may impose a reduced sentence as if the revised statutory penalties of the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act § 404(b).

Here, the Second Superseding Indictment (Doc. #439) charged defendant based on the revised penalties of the Fair Sentencing Act. See Second Superseding Indictment (Doc. #439) filed November 20, 2013, Count 1 (conspiracy with intent to distribute more than 280 grams of cocaine base). Because defendant was charged and sentenced based on the revised statutory penalties of the Fair Sentencing Act, the Court lacks jurisdiction to modify his sentence under the First Step Act. See First Step Act § 404(c) (no court shall entertain motion under this section if sentence previously imposed in accordance with amendments in sections 2 and 3 of Fair Sentencing Act of 2010).

**IV.     Relief Based On Rehabilitation – Claim 4**

Defendant asks that the Court reduce his sentence based on post-conviction rehabilitation. As noted above, a federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of

the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance on motion of government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.[1]

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Sentence Reduction [Under 18 U.S.C. §] 3582 (Doc. #1119) filed January 16, 2019, which the Court construes in part as a second or successive motion under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

Dated this 29th day of January, 2019 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[1] Defendant cites Pepper v. United States, 131 S. Ct. 1229 (2011), but Pepper does not expand the Court's authority to resentence a defendant. Pepper merely permits the Court to consider post-sentencing rehabilitation if and when re-sentencing is otherwise authorized. 131 S. Ct. at 1249.